IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CASE NO: |
| | :    7:24-CR-16-WLS-ALS-1 |
| CEDRIC JEROME MAXWELL, | : |
| | : |
| Defendant. | : |
| _____ | : |

## ORDER

     Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on April 1, 2025, at 3:00 p.m. and for trial during the Court's May 2025 Valdosta trial term (Doc. 32). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant, Cedric Jerome Maxwell, filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 41) ("Motion") stating the Government filed a Superseding Indictment (Doc. 33) on March 12, 2025, along a Notice of Enhanced Penalty (Doc. 35), on March 20, 2025. Defense Counsel represents that she conferred with Government's counsel, Assistant United States Attorney Monica Daniels, who does not oppose the Motion.

     Defendant requests a continuance of the trial **to the beginning of the next term of court** in the Valdosta Division so Defense Counsel has time to discuss the ramifications of the superseding indictment and potential impact of a plea agreement with Defendant. In addition, should Defendant chose to proceed to trial, additional time is needed to locate a potential witness who is material to his defense. Defense Counsel further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the

1

United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court, and thus finds that the period of delay in continuing the trial **through the conclusion of the next Valdosta trial term** is excludable under the Speedy Trial Act.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 41) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2025 trial term **and its conclusion**, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The April 1, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 31st day of March 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.