IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:24-cr-16–WLS-ALS-1** |
| **CEDRIC JEROME MAXWELL,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Tuesday, July 1, 2025, at 3:00 p.m. and for trial during the Court's August 2025 Valdosta trial term (Doc. 45). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant, Cedric Jerome Maxwell, filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 48) ("Motion"). Therein, Defendant requests a continuance of the trial to the next term of court in the Valdosta Division to determine whether this case can be resolved without the necessity of a jury trial. In the event the Parties are unable to negotiate a resolution, Defendant has provided his counsel, Chauntilia Adaway, with the identity of a person whom Defendant and his counsel believe may be a material witness to the defense. Defense Counsel's efforts to speak with this witness have been unsuccessful and she believes the witness may be avoiding contact with her office. The extension will allow time for the Parties to complete plea negotiations, and for Defense Counsel to locate and interview the potential witness, if necessary. Defense Counsel further represents that she conferred with Government's counsel, Assistant United States Attorney, Monica Daniels, who does not oppose the Motion. In addition, Defense Counsel states that the ends of justice served by granting the continuance outweigh the best interests of the public

and the United States Attorney's Office[1] in a speedy trial, and that the period of delay in holding the trial is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 48) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Court's Valdosta Division November 2025 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The July 1, 2025 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 30th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.